UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO LOPEZ,

    Plaintiff,

    v.       CAUSE NO. 3:24-CV-107-HAB-SLC

RON HEEG, CHERYL STRAHLE, and
ERIC TCHETCHAT,

    Defendants.

OPINION AND ORDER

Antonio Lopez, a prisoner without a lawyer, filed an amended complaint alleging he is being denied mental health treatment for the trauma he is suffering because of the loss of his child. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lopez alleges his fiancé was an inmate at the LaPorte County Jail when she went into labor with his child. He alleges the defendants are liable for the death of that child which was stillborn in July 2023. However, he has no federal claim based on those allegations because he did not suffer a physical injury and federal law prohibits a

prisoner from being compensated for a mental or emotional injury without a physical injury. 42 U.S.C. § 1997e(e).

Lopez also alleges he is not receiving mental health treatment for problems caused by this traumatic experience.

> The Due Process Clause of the Fourteenth Amendment imposes obligations on government officials to safeguard the health and safety of pretrial detainees, and section 1983 provides a cause of action for detainees . . . to vindicate those constitutional guarantees. To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [detainee]'s medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (citations and quotation marks omitted).

While there is no doubt the loss of a child could cause mental health problems, this complaint does not explain what mental health problems Lopez is experiencing or when. It does not say what he told any of the defendants about his need for mental health care. It does not say how each one responded or why that response was unreasonable. It does not explain what mental health care he has received or is receiving from these defendants or anyone else.

It is possible Lopez can state a claim against one or more of these defendants, but this complaint does not do so. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Lopez believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

4

(1) GRANTS Antonio Lopez until **April 5, 2024**, to file a second amended complaint; and

(2) CAUTIONS Antonio Lopez if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 6, 2024.

                                        s/ Holly A. Brady
                                        CHIEF JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT